YEE CHANG SHEE *v.* GENERAL AMERICAN LIFE
INSURANCE COMPANY AND AMERICAN FAC-
TORS, LIMITED.

No. 2299.

ARGUED MAY 2, 1938.                    DECIDED MAY 18, 1938.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY COKE, C. J.

A suit in equity was instituted in the circuit court of
the first judicial circuit by petitioner Yee Chang Shee to
cancel the release of a life insurance policy and to enjoin
the use of such release in bar of an action at law which the
petitioner intended to bring against the General American
Life Insurance Company to recover the sum of $2000
claimed to be due petitioner under a life insurance contract.
It is averred in the petition that in the year 1929 her son
Kenneth Yan Chow Yee, now deceased, became the owner of
a life insurance policy issued to him by the Missouri State
Life Insurance Company in which petitioner was named as
beneficiary. That it was stipulated in the insurance con-
tract that $2000 would be paid to the beneficiary in the
event of the death of the insured from natural causes but
that in case of accidental death the beneficiary would re-
ceive double indemnity, to wit, $4000. After the issuance of
the policy and because of the insolvency of the Missouri

State Life Insurance Company its assets were taken over and its obligations were assumed by the General American Life Insurance Company, one of the above-named respondents.

It is alleged that the American Factors, Limited, the other respondent, was previously the local agent of the Missouri State Life Insurance Company and is now the agent of its successor, the American Life Insurance Company.

The insured died August 29, 1934, his death resulting, according to the certificate of the attending physician, from an attack of pneumonia. At that time petitioner and respondents believed that death was the result of pneumonia but in truth the cause of death was due to blood poisoning and was therefore accidental and that petitioner is entitled to a further payment of $2000 which she has demanded, without avail, of respondents.

Petitioner further alleges that on or about the 16th day of September, 1934, she surrendered the policy to American Factors, Limited, acting as agent of the American Life Insurance Company, and received the sum of $2000 and executed what purported to be a release of respondents from all claims payable under the contract of insurance. On or about the 27th day of February, 1936, petitioner discovered for the first time that there was an accidental death double indemnity benefit clause in the policy. This clause reads as follows: "The Double Indemnity payable in event of the accidental death of the insured shall be due if written affirmative proof shall be furnished the Company that such death occurred during the premium paying period of this policy, and while no premium is in default, and before the anniversary date of this policy on which the insured's age at nearest birthday is sixty years, and if death result independently and exclusively of all other causes from bodily injuries effected directly from external, violent and accidental means, within *ninety days* from the happenings of

such injuries, of which, other than in the case of drowning, there shall be visible contusion or wound on the exterior of the body, except that this Double Indemnity will not be payable if the insured's death shall result from suicide, whether sane or insane, or any attempt thereat, sane or insane, or directly or indirectly, wholly or in part from poisoning, infection, or any kind of illness or disease, or from committing an assault or felony, or from bodily injuries received while engaged in Military or Naval Service in time of war, or directly or indirectly from participation in Aviation or in Submarine operations, and provided further that if claim for any Total and Permanent Disability benefits shall be allowed, or if this policy be continued under any Non-forfeiture Option, this provision as to Double Indemnity shall be null and void."

It is further alleged in the petition that petitioner is about to institute an action at law against the insurance company for the recovery of an additional sum of $2000 and that unless restrained the respondents will interpose said release in the contemplated action at law and plead the same as a bar to petitioner's right to recover. The petition contains a prayer for an order restraining respondents from setting up the purported release as a bar to the action at law and for its cancellation. Respondents interposed a demurrer to the petition based on numerous grounds, only one of which we consider necessary to discuss, namely, the sufficiency of the petition because it "fails to allege or set forth sufficient facts to entitle petitioner to equitable relief against respondents or either of them."

The circuit judge sustained the demurrer on that ground as well as for other reasons. The petitioner now comes here on error. No allegation of fraud appears in the petition. The theory of the petitioner is that the settlement and execution of the release were the result of a mutual mistake of fact in respect to the cause of death of the insured.

There can be no doubt of the general power of courts of equity to cancel and set aside releases on the ground of mutual mistake. (*Silva* v. *Hind-Clarke Dairy*, 32 Haw. 936, 939.)

There is an averment in the petition that on August 29, 1934, the date of the death of the insured, both petitioner and respondents believed that death was caused by pneumonia and was not the result of accident. The surrender of the policy and the execution of the release took place on September 16, 1934. The petition contains the further averment that on February 27, 1936, petitioner discovered that the insurance policy contained a double indemnity clause in case of accidental death. Of course the discovery of that fact could not be construed as a mistake of the parties. The existence or nonexistence of the double indemnity clause had no bearing upon the cause of death. The present suit was instituted in March, 1936. If at the time of settlement the petitioner had knowledge of the fact, if it is a fact, that the insured died from accidental causes, she of course could not maintain her present suit. And if at that time she did not have knowledge of the fact, but learned of it subsequently, whether or not she would be barred by laches would depend upon the period which elapsed between the time of discovery and the bringing of suit as well as upon the attending circumstances which might or might not excuse the delay. To be impervious to attack by demurrer the petition should have alleged that the settlement was the result of a mutual mistake and set forth with reasonable certainty the time of its discovery. No such allegations appear in the petition in the case at bar.

Counsel for appellant in his argument before this court, with commendable frankness, conceded the correctness of the foregoing requirement, but argues that because the petition contains an allegation to the effect that in February, 1936, petitioner discovered for the first time the presence in

the policy of an accidental death double indemnity clause, it may properly be inferred that the discovery of the prior mutual mistake of the parties came to light at that time. Were we to disregard entirely the well-known rule which, in the absence of statute to the contrary, requires a pleading to be construed most strictly against the pleader (see 49 C. J. 105) and accord the language in the paragraph referred to the utmost liberality of construction favorable to petitioner, her petition would still remain fatally deficient.

The circuit judge, in sustaining respondents' demurrer, granted petitioner every opportunity to amend her petition. This she refused to do and elected to stand upon her original pleading. The court was therefore left with no alternative other than to enter a decree sustaining the demurrer and dismissing the suit.

Having considered all the assignments we conclude that petitioner by her bill of complaint failed to state a cause of action and that the decree appealed from should be affirmed.

Decree affirmed.

*H. W. Wong* (W. Y. Char with him on the briefs) for petitioner.

*D. Ridley* (Smith, Wild, Beebe & Cades on the brief) for respondents.